IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

I.C.W. GROUP (INSURANCE COMPANY OF THE WEST),

    Plaintiff,

vs.                                                         Civ. No. 98-145 BB/WWD

THE WYLIE CORPORATION, THE CLAUDE
AND ALAN WYLIE PARTNERSHIP, CLAUDE
B. WYLIE, JAMES A. WYLIE and WINIFRED
WYLIE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      This Memorandum Opinion and Order addresses the Motion to Compel Document Production from the Wylie Corporation filed by Plaintiff on December 9, 1998. The motion seeks document production in accordance with my Order of May 21, 1998. Plaintiff's counsel has sought this production by letter before filing the instant motion. I shall not detail the correspondence between counsel except to point out that Defendants have contended that they have produced all documents that they were required to produce as initial disclosure or in compliance with my Order of May 21. Defendants further contend that the documents sought by Plaintiff "either do not exist or have been made available to them." Defendants go on to suggest that in various ways Plaintiff's lawyers do not know what they are doing. In its Reply, Plaintiff cites numerous instances where Defendants have apparently failed to produce documents; for example, numbered series of documents in which certain numbers in the sequence are missing, and augmented versions of the "same" document which have been produced after the initial production of the document. In its Reply Plaintiff makes a strong and persuasive showing that Defendants in making their document production have not been responsive to the requirements of Fed. R. Civ. P. 26, Plaintiff's requests, formal and informal, or the Order of the Court. Unless Defendants are seeking imposition of a harsh sanction, they would do well to make the

sought production without further ado. I do not require any more gratuitous assessments of the performance of Plaintiff's counsel by Mr. Noya. I do require that the sought production be made, and that Plaintiff be paid $500.00 by Defendant Wylie Corporation as reimbursement for Plaintiff's reasonable attorney fees incident to this motion to compel.

**WHEREFORE, IT IS ORDERED** that on or before December 31, 1998, Defendants shall serve on Plaintiff true and correct copies of the following documents, to wit:

(1) All job costing documents from the Cibola project.

(2) The internal financial statements, including but not limited to all balance sheets and all profit and loss statements, of the Wylie Corporation for the years 1997, 1996, 1995, 1994, and 1993.

(3) All audited and unaudited financial statements of the Wylie Corporation for the years 1997, 1996, and 1995.

(4) The Wylie Corporation's Federal and State Income Tax Returns for the last three years.

(5) Copies of the invoice summaries for the four checks issued by the Wylie Corporation and actually sent to Koch Materials Company between May, 1997, and June, 1997.

(6) The Wylie Corporation's bank statements from June, 1994, through June 1997.

**IT IS FURTHER ORDERED** that all costs and expenses in connection with the copying of the aforementioned materials shall be borne by Defendants.

**FINALLY, IT IS ORDERED** that on or before December 31, 1998, Defendant Wylie Corporation shall pay to Plaintiff the sum of Five Hundred Dollars ($500.00) to be applied to the Plaintiff's attorney fees and costs incident to this motion.

_____
UNITED STATES MAGISTRATE JUDGE